**ROLES v. EARLE, Collector of Internal Revenue.**

No. 13000.

United States Court of Appeals Ninth Circuit.

March 24, 1952.

Rehearing Denied April 15, 1952.

Warde H. Erwin, Boyd, Ferris & Erwin and David S. Pattullo, all of Portland, Or., for appellant.

Ellis N. Slack, Acting Asst. Atty. Gen., A. F. Prescott, Carlton Fox, Irving Axelrad, Special Assts. to the Atty. Gen., Department of Justice, Henry L. Hess, U. S. Atty., Victor E. Harr, Asst. U. S. Atty., Portland, Or., for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

In the trial court appellant first proceeded upon the theory that the action should be brought against the United States of America and the Collector of Internal Revenue. His present position is that he has a cause of action against the Collector only.

Appellant was awarded a judgment against the Collector in the sum of $6,253.-81; he claims it should have been $24,365.-17, and is asking us to reverse because the trial Court refused to award him that amount. In the early stages of the proceedings before the trial Court it was agreed that the claim against the Collector should be tried by a jury and the claim against the United States tried by the Court. A jury was empaneled and two questions submitted to them, dealing with the question of whether the Commissioner had properly included as taxable certain income received by appellant. The jury answered the questions in the negative. Thereafter, the Court entered judgment in favor of appellant and against the Collector in the said sum of $6,253.81. This judgment was entered January 2, 1951, and represented the amount which the Court determined to be the total amount of the refund claim collected by the appellee Collector. From this judgment no appeal was taken. The remainder of the refund claim involved in the suit, being in excess of $10,000, was at the time of trial regarded by the parties and by the Court to have been collected by a collector no longer in office, at the time of the commencement of this action and, hence, constituted an action against the United States under 28 U.S.C.A. § 1346(a) (1) (ii). The Court, on this phase of the case, found in favor of the United States

and dismissed the action against it and, on March 26, 1951, caused to be entered a judgment of dismissal as to appellee The United States of America. On May 23, 1951 appellant caused to be filed a notice of appeal reading, in part, as follows:

"You and each of you will take notice that plaintiff appeals from that certain judgment entered in the above-entitled cause on the 26th day of March, 1951, in favor of defendant, United States of America, dismissing said action against the United States on the merits and from each and every part thereof and from that certain order that is dated the 26th day of March, 1951, overruling plaintiff's motion for entry of judgment in favor of plaintiff and ordering the entry of judgment in favor of the United States of America and overruling plaintiff's objections and finding of fact and conclusions of law, and from that certain order entered the 9th day of April, 1949, overruling plaintiff's motion to enter judgment in favor of plaintiff and in overruling plaintiff's objection to finding of fact and to set aside judgment in favor of defendant United States of America, and plaintiff appeals from each and every part and the whole thereof."

It will be noted that the notice of appeal makes no mention of the judgment entered January 2, 1951, against the appellee Collector. It is therefore apparent that we are without jurisdiction to consider it. The sole judgment brought here for review is that judgment entered March 26, 1951, dismissing the action against the United States.

Appellant, in his opening brief, page 11, sums up the issue on appeal as follows:

"The only issue therefore is whether the Court properly determined that the claim for $18,111.37 [the difference between the amount of the January 2, 1951 judgment and the total amount of the claim] was a claim against the United States of America rather than a claim against the Collector of Internal Revenue, Hugh Earle."

■ Appellant's entire argument is bottomed upon the thesis that he should have judgment against the Collector because no jurisdiction existed to sue the United States which amounts to a virtual abandonment of his appeal from the judgment dismissing the action as to the United States. Yet appellant endeavors to tie in the judgment of January 2, 1951 against the Collector with the judgment of March 26, 1951 for purposes of appeal without mentioning the January 2, 1951 judgment in his notice of appeal. Appellant assumes that his appeal from the order overruling his motion to set aside the judgment of March 26, 1951, and to enter judgment in his favor for the full amount of the claim against the Collector brought the judgment of January 2, 1951 here for consideration. The appeal from the said order did not and could not serve such a purpose. The motion to amend the judgment of March 26, 1951 had no such force and effect as to cause the judgment of January 2, 1951 to merge with the March 26, 1951 judgment for purposes of appeal.

While it may be fairly deduced from the attitude taken by appellant on this appeal that he has abandoned his contention that the trial Court had jurisdiction to enter a judgment against the United States of America and, therefore, we would perhaps be justified in affirming the March 26, 1951 judgment on that ground, however, because of the apparent confusion in the record we deem it advisable to decide for ourselves the jurisdictional question which is before this court by reason of the appeal from the March 26, 1951 judgment.

■ A district court has jurisdiction of claims of this nature against the United States exceeding $10,000 in the event " * * * the collector of internal revenue by whom such tax, penalty or sum was collected is dead or is not in office as collector of internal revenue when such action is commenced". 28 U.S.C.A. § 1346(a) (1) (ii). It has been held that: "The obvious purpose of the [statute is] to permit a substitution of a suit against the United States for the suit previously allowed against the collector * * *. This is made evident by the words of the [statute] which authorize the substitution only when the collection is made by the collector when in office." Lowe Brothers Co. v. United States, 1938, 304 U.S. 302, 305, 58

S.Ct. 896, 898, 82 L.Ed. 1362. Thus, the basis of jurisdiction is that a collector out of office collected the tax. Moses v. United States, 2 Cir., 61 F.2d 791, certiorari denied 1932, 289 U.S. 743, 53 S.Ct. 689, 77 L.Ed. 1490.

In this case there is no substantial dispute as to the basic facts. Appellant filed returns for the taxable years in question and paid the tax thereon computed as due to the former collector then in office. Apparently apprehensive that the Commissioner might levy an assessment of additional taxes against him, and in order to stop the running of interest, appellant paid over to the former collector on May 15, 1947 the sum of $18,111.37 to be held in a suspense account. On September 1, 1947 the former collector resigned and appellee Hugh Earle became Collector of Internal Revenue for the District of Oregon. Subsequently, after a proposed deficiency on October 21, 1947 had been protested and the protest denied, the Commissioner of Internal Revenue levied an assessment of additional taxes against appellant on February 16, 1949. The assessment was satisfied in part by the application thereto of the credits to appellant's account created by his prior payment of moneys into the suspense account. Appellant's claim against the United States stems from the application of the suspense account credit to the assessment. As there are but two collectors with whom we are concerned and, one of them, Earle, was in office at the time the suit was commenced, only in the event it can be said that the prior collector made the collection in issue would the District Court have jurisdiction of the action against the United States.[1]

■ The collector in office prior to appellee physically received the money, and it seems clear that physically the money went to the use of the Government in much the same manner as taxes duly collected. Yet at the time of receipt of the money and, in fact, during the entire term of the prior collector's incumbency, no existent tax obligation had been definitely found by the administrative process. Acceptance of the money by the Collector did not satisfy any then existing liability of the taxpayer. It was not an exaction of taxes in that sense, but merely a voluntary payment by the taxpayer made purely for his own convenience. At the time the prior collector left office the payment had not been utilized to satisfy any liability, but merely remained a credit to the benefit to the taxpayer to be applied in the event the future was to bring a determination of liability. The payment here, for purposes of the statute of limitations, probably would not be considered a payment of the tax until the time the credit was applied to an existing liability. Cf. Rosenman v. United States, 1945, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535. And some courts have held analogous payments not be overpayments of taxes rendering the Government liable for payment of interest.[2] The cases indicate that mere physical receipt of moneys is not sufficient to render a collector liable. Cf. United States v. Reeves Brothers Co., 6 Cir., 83 F.2d 121, certiorari denied 1936, 299 U.S. 573, 57 S.Ct. 37, 81 L.Ed. 422. There must be an element of excessiveness somewhere present, at least during the incumbency of the particular collector, and one court has held that the excessive element must be present at the actual time of payment of the money in satisfaction of the claim. See Hammond-Knowlton v. Hartford Connecticut Trust Co., 2 Cir., 89 F.2d 175, certiorari denied 1937, 302 U.S. 707, 58 S.Ct. 27, 82 L.Ed. 546. In the instant case the payment made was not used to satisfy an obligation for taxes until long after the prior collector had left office. Under these circumstances the prior collector could not

1. For a general discussion of Collector's liability:

See, George Moore Ice Cream Co. v. Rose, 1933, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265; Hammond-Knowlton v. United States, 2d Cir., 121 F.2d 192, certiorari denied 1941, 314 U.S. 694, 62 S.Ct. 410, 86 L.Ed. 555; Plumb, Tax Refund Suits against Collectors of Internal Revenue, 60 Harv.L.Rev. 685 (1947).

2. Busser v. United States, 3 Cir., 1942, 130 F.2d 537; Manee v. United States, D.C.S.D.N.Y.1951, 97 F.Supp. 993; Cf. Reading Co. v. United States, Ct.Cl.1951, 98 F.Supp. 598.

have been liable for an unlawful collection of the sum in question; hence, the trial Court had no jurisdiction to entertain the action against the United States of America. We affirm the judgment of dismissal entered March 26, 1951 on that ground.

Judgment of dismissal affirmed.