*Decision will be entered under Rule 50.*

LEWYT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28151.    Promulgated September 30, 1952.

*Fred R. Tansill, Esq.,* and *Eugene Meacham, Esq.,* for the petitioner.
*Ellyne E. Strickland, Esq.,* for the respondent.

1246

**OPINION.**

Tietjens, *Judge:* As we understand it, from opening statements of counsel and the briefs filed herein, the question upon which disposition of most of the issues herein depends is the construction of the words "paid or accrued within the taxable year" as they appear in section

122 (d) (6) quoted in the footnote.[1]  The "rules" referred to in that section are not material to the issue except as may be indicated hereafter.  The taxes imposed by subchapter E of chapter 2 are "excess profits taxes" and that term will be used for convenience.  The question is urged by taxpayer as one of first impression.

Taxpayer admittedly maintained its books and records and filed its tax returns using a fiscal year and computed its net income using the accrual method of accounting.  Nevertheless, it contends that in applying section 122 (d) (6) it is entitled to use, with reference to the year 1946, the amount actually paid in that year in satisfaction of its excess profits tax liability for the year 1945.  A similar contention is made for the year 1947 during which certain amounts were tendered to the collector as additional excess profits tax for the years 1943, 1944, and 1945.  And for the year 1944, the argument is made that taxpayer is entitled not only to use, in making adjustments required under section 122 (b) (1) (A) (i),[2] the amount of excess profits taxes "paid" in 1944 on the liability for the previous year, but is also entitled to add to that amount at least $280,540.33 (its ultimate excess profits tax liability for 1944) which was "paid" in 1945.

In arriving at these conclusions taxpayer argues that the phrase "paid or accrued within the taxable year" refers "to the fact that an excess profits tax liability has arisen or that such a liability has been liquidated by payment" in the taxable year.  On the other hand, the Commissioner refers to section 48 (c)[3] and says that consonant therewith the phrase should be construed according to taxpayer's method of accounting.

---

[1] SEC. 122.  NET OPERATING LOSS DEDUCTION.
    (d) EXCEPTIONS, ADDITIONS, AND LIMITATIONS.—The exceptions, additions, and limitations referred to in subsections (a), (b), and (c) shall be as follows:

        \*        \*        \*        \*        \*        \*        \*

    (6) There shall be allowed as a deduction the amount of tax imposed by Subchapter E of Chapter 2 paid or accrued within the taxable year, subject to the following rules—

[2] SEC. 122.  NET OPERATING LOSS DEDUCTION.
    (b) AMOUNT OF CARRY-BACK AND CARRY-OVER.—
        (1) NET OPERATING LOSS CARRY-BACK.—
            (A) Loss for Taxable Year Beginning Before 1950.—If for any taxable year beginning after December 31, 1941, and before January 1, 1950, the taxpayer has a net operating loss, such net operating loss shall be a net operating loss carry-back for each of the two preceding taxable years, except that the carry-back in the case of the first preceding taxable year shall be the excess, if any, of the amount of such net operating loss over the net income for the second preceding taxable year computed—
                (i) with the exceptions, additions, and limitations provided in subsection (d) (1), (2), (4), and (6), and

        \*        \*        \*        \*        \*        \*        \*

[3] SEC. 48.  DEFINITIONS.
    When used in this chapter—

        \*        \*        \*        \*        \*        \*        \*

    (c) "PAID OR INCURRED," "PAID OR ACCRUED".—The terms "paid or incurred" and "paid or accrued" shall be construed according to the method of accounting upon the basis of which the net income is computed under this Part.

The phrase is not defined either in section 122 itself or in the regulations issued thereunder. Neither do we think the legislative history of the section which is analyzed in the taxpayer's briefs and which we have diligently studied throws any light on the question.

It is noted that the Revenue Act of 1941 added a new subparagraph (2) to section 23 (c) of the Code permitting a direct deduction for excess profits taxes paid or accrued within the taxable year. Thereafter, section 105 of the Revenue Act of 1942 withdrew this deduction and at the same time added the new provision—section 122 (d) (6) which is in question here. A comparison of section 23 (c) with section 122 (d) (6) follows.

*Sec. 23, I. R. C.*

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \*

(c) Taxes Generally.—

(1) Allowance in general.— Taxes paid or accrued within the taxable year, except—

\* \* \*

(2) Excess-profits tax under chapter 2e—special rules.—For the purposes of this subsection, in the case of the excess-profits tax imposed by Subchapter E of Chapter 2—

(A) The deduction shall be limited to the tax imposed for the taxable year, but any portion of such tax paid after the taxable year shall be considered as having been paid within the taxable year;

(B) No reduction in such tax shall be made by reason of the credit for income, war-profits, or excess-profits taxes paid to any foreign country or possession of the United States;

(C) Such tax shall be computed without regard to the adjustments provided in section 734; and

(D) Such tax, in the case of a consolidated return under section 730, shall be allocated to the members of the affiliated group under regulations prescribed by the Commissioner, with the approval of the Secretary.

*Sec. 122 (d), I. R. C.*

(6) There shall be allowed as a deduction the amount of tax imposed by Subchapter E of Chapter 2 paid or accrued within the taxable year, subject to the following rules—

(A) No reduction in such tax shall be made by reason of the credit for income, war-profits, or excess-profits taxes paid to any foreign country or possession of the United States;

(B) Such tax shall be computed without regard to the adjustments provided in section 734; and

(C) Such tax, in the case of a consolidated return for excess-profits tax purposes, shall be allocated to the members of the affiliated group under regulations prescribed by the Commissioner, with the approval of the Secretary.

It will be seen that Rule (A) of section 23 (c) (2) which had the effect of putting all taxpayers, regardless of cash or accrual basis, on an accrual basis as far as the excess profits tax deduction was concerned, was omitted from the new section 122 (d) (6). The taxpayer here infers from this that Congress must have intended not to place all taxpayers on an accrual basis. We do not clearly see how this inference helps the taxpayer, since it can be just as effectively argued as an inference that the omission was intended to place each upon its method of accounting, though it may be true, as taxpayer says, that this might lead to inequitable results since accrual basis taxpayers would normally not be in position to accrue an excess profits tax liability in a loss year. However that may be, the omission is unexplained in the legislative history and we must take the section as · we find it.[4]

To bolster its position that "paid or accrued" should be given a broader construction than merely referring to accounting systems, taxpayer cites *Commissioner* v. *Clarion Oil Co.*, 148 F. 2d 671, reversing 1 T. C. 751, which involved, among other issues, the interpretation of the terms "paid or accrued" as used in the Personal Holding Company provisions of the Internal Revenue Code. See sections 505 (a) (1) and 507 (a). We think the rule there applied rests upon the peculiar nature of the problem of determining the *undistributed income* on which the penalty tax was levied and should not be extended to the present controversy. In passing, we point out that only recently has this Court concluded to follow *Commissioner* v. *Clarion Oil Co.*, *supra*, *Wm. J. Lemp Brewing Co.*, 18 T. C. 586.

Despite taxpayer's belief that the present case is one of first impression, the Commissioner cites and relies on *Estate of Julius I. Byrne*, 16 T. C. 1234. One of the issues in that case was petitioner's claim under section 122 that its net operating loss carry-back from 1945 should be increased by the amount of its excess profits taxes for 1944 which were paid in 1945. This claim was based on petitioner's

---

[4] This controversy has been anticipated by writers on tax problems. See J. K. Lasser, Excess Profits Tax Controversies, New York University Fourth Annual Institute on Federal Taxation, 806, 808, where he says with reference to section 122: "There is also some confusion as to the adjustment to be made for excess profits taxes 'paid or accrued within the taxable year.' This adjustment increases the net operating loss carryover. Some say that the adjustment is ordinarily available only to cash basis taxpayers, since no excess profits taxes would accrue in the year of the net operating loss except in very rare cases. But others argue strenuously that this would be an undue discrimination against accrual basis taxpayers, and that the words 'paid or accrued' permit accrual basis companies to make the adjustment for taxes accrued during the prior year but paid during the year of the net operating loss. This could produce very odd results in some cases, and the question will have to await further clarification."

Also see footnote to Jacquin D. Bierman, Excess Profits Net Income for the Current Taxable Year, New York University Tenth Annual Institute on Federal Taxation, 231, at page 245: "It might be noted, in passing that *cash basis* taxpayers can no longer add to the net operating loss the excess profits tax paid during the year of the loss. See Section 304 (e) of Excess Profits Tax Act of 1950 repealing Section 122 (d) (6) for years ending after June 30, 1950." [Emphasis added.]

allegation that its returns were filed on the cash basis. We held that petitioner had failed to prove it was on the cash basis, and "as a consequence, it has failed to show that it is entitled to deduct the excess profits taxes for 1944 in computing the 1945 carry-back. It did not owe any excess profits taxes for 1945 and did not accrue any." In other words, an accrual basis taxpayer cannot increase its net operating loss carry-back for a particular year by adding in the amount of excess profits taxes paid in that year on its liability for the previous year. This case seems to us squarely to confirm the Commissioner's contentions here, and we hold that in making the computations called for under section 122 (d) (6) the phrase "paid or accrued" should be construed according to the method of accounting upon the basis of which taxpayer's net income is computed.

This would dispose of the case were it not for taxpayer's alternate contention with reference to the amounts tendered to the collector in 1947. As to these amounts taxpayer argues, that, accepting the interpretation we have put on the controversial phrase, nevertheless, the amounts paid to the collector in 1947 were properly accrued in that year notwithstanding they represented additional excess profits taxes for prior years. The argument goes that the additional taxes were in dispute—those for 1943 by virtue of the petition filed with this Court—those for 1944 because their amount depended upon a recurring issue present in the Tax Court case, and those for 1945 because excess profits credits and franchise taxes for that year were not knowable until the disputes for the prior years had been resolved, and further, that the amounts received by the collector on September 29, 1947, constituted tax payments which an accrual basis taxpayer was required to deduct not later than the date of payment.

We think the Commissioner must be sustained on this point, even though taxpayer's liability for 1943 was contested by the filing of a petition in this Court. True, that effectively postponed its right to accrue the contested liability under the principles enunciated in *Dixie Pine Products Co.* v. *Commissioner*, 320 U. S. 516. And it is established that when an accrual basis taxpayer pays all or part of the contested liability, that taxpayer is required to deduct the amounts paid in the year of payment. *Chestnut Securities Co.* v. *United States* (Ct. Cl.), 62 F. Supp. 574; *Lehigh Valley Railroad Co.*, 12 T. C. 977.

The troublesome point is whether the amounts tendered to the collector on September 29, 1947, representing estimated additional taxes for 1943, 1944, and 1945 constituted "tax payments" or "taxes paid" in 1947 and were thus properly deductible in 1947. We are of the opinion the answer should be "no."

As far as the amount for 1943 is concerned the taxpayer concluded that an acceptable formula for settling its Tax Court case had been

found. But the amount determined pursuant to the formula was turned over to the collector in 1947 and deposited by him in a "suspense account." The Tax Court case was not by this means settled or determined. Further conferences were held respecting the pending settlement after the formula was arrived at, and as late as November 6, 1947, the Technical Staff was recommending defense of the case to the Division Counsel. Both the taxpayer and the Commissioner were still free to pursue the contest of the 1943 liability and neither was foreclosed on that score at least till the stipulation disposing of the case was signed on February 24, 1948, after the Technical Staff had recommended that this be done on February 20, 1948. Under the facts of this case petitioner is not entitled to deduct the amount tendered for 1943 taxes in 1947.

Nor does the record before us furnish any basis for allowing taxpayer to deduct in 1947 the amounts tendered to the collector purportedly representing additional excess profits taxes for 1944 and 1945. The taxpayer filed no amended returns showing greater liability in income and excess profits taxes for 1944 and 1945 and no deficiencies in tax for either of those years were asserted or determined by the Commissioner until after the close of fiscal 1947. The most that can be said is that an audit was under way involving those years. True, it probably appeared to the taxpayer that there would be additional taxes due, but nothing definitive had developed. The revenue agent's report covering 1944 and 1945 was not forwarded to taxpayer until August 25, 1948. In these circumstances the taxpayer cannot take deduction for these amounts in 1947. See *Rosenman* v. *United States*, 323 U. S. 658 and *Roles* v. *Earle* (C. A. 9, 1952), 195 F. 2d 346, which indicate that none of the amounts tendered in 1947 and placed in the suspense account in that year constitute "taxes paid." We accordingly hold that the amounts paid over by taxpayer to the collector in 1947 cannot be deducted in that year.

The parties are agreed that our decision as to the principal amounts involved will govern the treatment to be accorded the interest payments made and consequently no discussion of that question will be necessary.

With reference to issue 4 set out in the preliminary statement hereto, petitioner states on brief that it, as well as issues 1 and 2, turns "upon the meaning to be placed on the same identical phrase," i. e., "paid or accrued." The Commissioner in his brief has addressed no argument specifically to this issue and we take it that the interpretation which we have above given to the critical phrase will also dispose of this question.

Reviewed by the Court.

*Decision will be entered under Rule 50.*