require us to apply stricter rules than those usually applicable.

The motions of both parties for summary judgments are denied. The case will proceed in due course.

JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, JJ., concur.

## OLYMPIC RADIO & TELEVISION, Inc. v. UNITED STATES.

### No. 19–52.

United States Court of Claims.
Nov. 4, 1952.
Opinion Adhered to on Rehearing
March 3, 1953.

Madden, J., and Jones, C. J., dissented.

Frederick R. Tansill, Washington, D. C., for plaintiff. Eugene Meacham, Washington, D. C., was on the briefs.

Elizabeth B. Davis, Washington, D. C., with whom was Acting Asst. Atty. Gen. Ellis N. Slack, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

The plaintiff sues for the recovery of $148,841.72 with interest asserting that the excess profits tax collected from it for the year 1944 was larger, by that amount, than it should have had to pay.

The plaintiff, a manufacturer of radio and television sets, paid in 1945 an excess profits tax on its 1944 profits in the total amount of $623,454.52. In 1946 it paid an excess profits tax of $263,272.80 on its 1945 profits. The plaintiff's return for 1946 showed no income tax liability, but instead a net operating loss of $324,844.23 reduced by the Bureau of Internal Revenue upon audit to $310,872.60. This operating loss for 1946, under the law, could be "carried back" to the year 1944. When this was done, it reduced the plaintiff's excess profits taxes for 1944 from the $623,454.52, which it had paid, to a considerably lesser sum. The amount of that reduction has been received by the plaintiff, by payment or credit. The plaintiff says, however, that to its net operating loss of $310,872.60 for 1946 there should have been added the $263,272.80 which it paid in 1946 on its 1945 excess profits, and that the sum of these two figures, instead of the first figure only, should have been carried back to reduce the 1944 excess profits net income. If that had been done, it would have reduced the 1944 excess profits tax by the amount claimed in this suit.

Section 122 of the Internal Revenue Code, 26 U.S.C.A. § 122, which is entitled "Net operating loss deduction" provides:

"(a) *Definition of net operating loss.* As used in this section, the term 'net operating loss' means the excess of the deductions allowed by this chapter over the gross income, with the exceptions,

additions, and limitations provided in subsection (d).

\* \* \* \* \* \*

"(d) *Exceptions, additions, and limitations.* The exceptions, additions, and limitations referred to in subsections (a)(b) and (c) shall be as follows:

\* \* \* \* \* \*

"(6) There shall be allowed as a deduction the amount of tax imposed by Subchapter E of Chapter 2 paid or accrued within the taxable year".

Subchapter E of Chapter 2 is the part of the Code, 26 U.S.C.A. § 710 et seq., providing for excess profits taxes. Subsection (b) of Section 122 provides that if the taxpayer has a net operating loss for any taxable year, that net operating loss may be carried back to the two preceding taxable years, to reduce the income for those years.

The plaintiff, relying on the statutes referred to above, says that by Section 122 (d) (6) its excess profits tax paid in 1946 was includible in its "net operating loss" and therefore could be carried back to 1944, the second preceding taxable year, to reduce its income for that year. The Government says that these statutory provisions do not permit the plaintiff to do so, because the plaintiff was on the accrual basis for the computation of its income for tax purposes, and the tax which it desires to carry back, though paid in 1946 when the plaintiff had a net operating loss, accrued in 1945 when it did not have a net operating loss, and would not have had such a loss even if this tax had been deducted from its 1945 income. The Government points to Section 43 of the Code, 26 U.S.C.A. § 43, which says:

"The deductions and credits \* \* \* provided for in this chapter shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed \* \* \*."

Then it points to Section 23 which says:

"*Deductions from gross income.*

"In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

"(s) \* \* \* The net operating loss deduction computed under section 122."

Both Sections 43 and 23 are in Chapter 1 of the Code. Section 48(c) also contains a definition similar to that of Section 43.

The statutory texts quoted above put a heavy burden on the plaintiff to show that it, being on the accrual basis for tax purposes, could take, in 1946, a deduction of excess profits taxes which accrued in 1945, though they were paid in 1946. The plaintiff's contention is that if the statutory definition of "paid or accrued" is applied to the excess profits tax situation, the deduction which the statute seems to tender to taxpayers is largely illusory, so far as taxpayers on the accrual basis of tax accounting are concerned. This would seem to be true, since it would be only rarely that a taxpayer would accrue a liability for an excess profits tax in a year in which it had a net operating loss.

According to the letter of the statutes, plaintiff is not entitled to deduct in the year 1946 taxes which accrued for the year 1945 but which were paid in 1946. When the statute referred to deductions "paid or accrued" in the taxable year, it referred to deductions paid in the taxable year if the taxpayer was on a cash basis, and to deductions accrued within the taxable year if the taxpayer was on the accrual basis. It is also true that in computing one's income, either one basis or the other must be used, and that one cannot be used for certain deductions and the other for others.

Notwithstanding all this, we think that in order to give effect to the intention of Congress we must permit this taxpayer to deduct excess profits taxes paid in the calendar year 1946, although they accrued for the year 1945. We think so, for this reason: It was the clear intention of Con-

gress that a taxpayer should be permitted to carry back to a former year his loss in a subsequent year, and that to this loss there should be added excess profits taxes "paid or accrued" in the calendar year.

Now, if we follow the letter of the statute, a taxpayer on an accrual basis would be denied the deduction of excess profits taxes, in practically all cases, if he is limited to the excess profits taxes accrued within the taxable year. There is rarely a case when a taxpayer would be liable for any excess profits tax in a year in which it had sustained a net operating loss; and, yet, Congress certainly intended that it should get the benefit of the deduction of excess profits taxes for some year. In order for it to get this deduction it would seem that it should be entitled to deduct the excess profits taxes which it paid in the taxable year, although they had accrued in the prior year.

It seems to us, therefore, that we must make an exception in this case to the general rule prohibiting the shifting from the "paid" to the "accrued" basis, or vice versa, in the case of specific deductions. Otherwise, we cannot give effect to the plain intention of Congress. We realize this does violence to the letter of the Act, but we are so thoroughly convinced of the intention of Congress that we feel justified in disregarding the letter in order to give effect to that intent. After all, it is the intention of Congress which we must enforce, however that intention may be divined.

No cases exactly in point have been cited to us nor have we found any; however, several of the Courts of Appeal have held that in applying the tax levied on undistributed net income, the expression "paid or accrued" need not be given its customary meaning.

In Birmingham v. The Loetscher Company, 8 Cir., 188 F.2d 78 the court held that a cash basis taxpayer could, under Section 505 (a) (1) of the Internal Revenue Code, 26 U.S.C.A. § 505(a) (1), deduct both taxes for a prior year paid within the taxable year and taxes accrued but not paid within the taxable year, in determining its undistributed net income for the purposes of

the penalty tax on such net income. The court there relied on a holding in Commissioner v. Clarion Oil Company, 80 U.S. App.D.C. 41, 148 F.2d 671, which, while it permitted a cash basis taxpayer to deduct taxes accrued but not paid within the tax year, refused to permit it to deduct taxes paid within the year but accrued in a prior year. In Aramo-Stiftung v. Commissioner, 2 Cir., 172 F.2d 896 the court permitted a cash basis taxpayer to deduct income taxes accrued but not paid within the taxable year, in determining its Section 505 (a) (1) taxable income. See also Wm. J. Lemp Brewing Company, 18 T.C. 586.

These cases support plaintiff's contention that the definitions of the term "paid or accrued" in sections 43 and 48 (c) should not be applied in all circumstances and regardless of consequences. .

The Tax Court in Lewyt Corporation v. Commissioner, 18 T.C. ——, has decided the question here involved adversely to plaintiff's contention. We regret that we are unable to agree.

Defendant's motion is denied, and plaintiff's motion for summary judgment is granted. Judgment will be entered in plaintiff's favor against the defendant in the amount of one hundred forty-eight thousand eight hundred forty-one dollars and seventy-two cents ($148,841.72), with interest as provided by law.

It is so ordered.

HOWELL, and LITTLETON, Judges, concur.

MADDEN, Judge (dissenting).

I think the plaintiff is not entitled to recover. The Birmingham, Clarion Oil Company and Aramo-Stiftung cases, cited in the court's opinion, involved the penalty tax on undistributed profits. To penalize a corporation for not distributing as dividends money which it either does not have, because it pays it out in back taxes during the year, or which prudence would require it to keep, because it will be needed to pay taxes accrued during the year though not payable until the following year, would seem to amount to penalizing sound man-

agement. The instant situation presents no comparable pressure of equity against the text of the statutes. The carryback provision of the statutes does not permit the taxpayer to average its profit and loss experience for a five-year period. It only permits net operating losses, as determined by statutory provisions, to be carried back. To get the advantage of the statute, its requirements should be met. The Tax Court, in Lewyt Corporation v. Commissioner, 18 T.C. ——, No. 151, has decided the same question which is involved in our case, adversely to the plaintiff's contentions. I agree with its decision.

JONES, Chief Judge, agrees with this dissenting opinion.