## THOMAS v. MERCANTILE NAT. BANK AT DALLAS.

### No. 14328.

United States Court of Appeals
Fifth Circuit.

June 18, 1953.

Walter Akerman, Jr., Special Asst. to the Atty. Gen., Ellis N. Slack, Charles S. Lyon, Assts. Atty. Gen., H. Brian Holland, Helen Goodner, Harold H. Bacon, Special Assts. to the Atty. Gen., Frank B. Potter, U. S. Atty. and Tom M. Shaw, Asst. U. S. Atty., Dallas, Tex., for appellant.

Iverson Walker, Paul Carrington and Edward L. Wilson, Dallas, Tex., Carrington, Gowan, Johnson, & Walker, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This is an action to recover an overpayment of federal estate tax, erroneously collected. The United States admits the overpayment, but resists restitution on the ground that the taxpayer is barred by 26 U.S.C.A. § 910, which fixes a three year period of limitation for such claims. The specific question before us is whether or not, as the United States [1] contends, the taxpayer was four days late in filing its claim for refund.

After the executors of the estate of Gloria D. Foster, deceased, paid the estate tax due according to their computation, an internal revenue agent proposed a deficiency in amount of $136,357.07. In order to forestall the accrual of interest on any deficiency that might be entered, the executors on August 2, 1945, before the deficiency assessment was actually entered, deposited with the Collector the amount of the proposed deficiency, with interest to that date, which was not placed in a suspense account, but was credited directly to the account of the taxpayer on August 11, 1945, as of August 2, 1945. At the same time, pursuant to 26 U.S.C.A. § 871(d), the executors executed a waiver of the restrictions upon such assessment imposed by 26 U.S.C.A. § 871(a) (1). The

1. While the formal party defendant is the community survivor of the now deceased Collector to whom the tax was paid, the real defendant is the United States, by whom the action is defended.

sum deposited as above stated resulted in an overpayment of $7618.78, which is the sum here sued for.

The deficiency assessment was signed by the local Collector on August 6, 1945, and thereafter forwarded to the Commissioner of Internal Revenue, who signed the assessment list on August 17, 1945, and returned it to the local Collector, who received it August 23, 1945.

The executors filed claim for refund of the overpayment on August 6, 1948, which was four days more than three years after the funds were deposited with the Collector to meet the proposed deficiency, but well within three years from the time when the deficiency was certified by the Commissioner.

The Commissioner rejected the claim on the ground that it was not filed within three years as required by 26 U.S.C.A. § 910, taking the position that the claim was filed four days late. The district court, however, held the claim timely, and entered judgment for the taxpayer, from which judgment this appeal is taken.

█ The deficiency assessment did not come into existence until the Commissioner certified the assessment list on August 17, 1945. 26 U.S.C.A. § 3642. Welch Ins. Agency v. Brast, 4 Cir., 55 F.2d 60; Davidovitz v. United States, Ct.Cl., 58 F.2d 1063; United States v. Bank of Commerce, etc., D.C., 32 F.Supp. 942. The waiver signed by the taxpayer on August 2, 1945, did not bring the deficiency into existence. It merely waived the ninety-day notice and other procedural requirements of 26 U.S.C.A. 871(a) (1).

█ Until the Commissioner certified the assessment list on August 17, 1945, there was no deficiency assessment, and no liability on the part of the taxpayer, and consequently nothing to pay. The sum deposited with the Collector on August 2, 1945, was merely an advance deposit to cover additional tax liability expected to arise thereafter. Neither the estate's liability, nor the fact that there was

an overpayment, could be determined until the deficiency assessment was entered. It would be illogical to hold, as the United States contends, that the statute of limitation began to run against a claim for refund before the deficiency itself came into existence, and before the fact that there was an overpayment, and if so the amount thereof, became ascertainable. It was held in Rosenman v. United States, 323 U.S. 658, 65 S.Ct. 536, 89 L. Ed. 535, that the period of limitation did not begin to run against a claim of this character from the time of a remittance to the Collector which was in effect a deposit against anticipated tax liability, but that a claim was timely which was presented within three years after the application of the funds to a deficiency assessment subsequently made, though more than three years after the original remittance to the Collector. Compare Roles v. Earle, 9 Cir., 195 F.2d 346; McConkey v. Commissioner, 4 Cir., 199 F.2d 892. The fact that in the Rosenman case the funds were placed in a suspense account, and not, as here, credited directly to the account of the taxpayer, does not alter the situation. Nor does subsection (c) of 26 U.S.C.A. § 3770, added to that section by the Act of June 9, 1943, have the effect of fixing a starting point for the statute of limitation different from that applied in the Rosenman case. That subsection provides that "An amount paid as tax shall not be considered not to constitute an overpayment solely by reason of the fact that there was no tax liability in respect of which such amount was paid." This does not affect the period of limitation. That subsection was enacted prior to the decision in the Rosenman case, so it could not have been enacted for the purpose of modifying that decision.

We agree with the district judge that the claim was timely. The overpayment being admitted, it follows that the judgment below was correct.

Affirmed.