Byrne Doors, Inc. (formerly J. I. Byrne, Inc.) v. Commissioner.
Byrne Doors, Inc. v. Commissioner
Docket No. 39212.
United States Tax Court
T.C. Memo 1954-1; 1954 Tax Ct. Memo LEXIS 243; 13 T.C.M. (CCH) 349; T.C.M. (RIA) 54107; April 8, 1954, Filed Ralph W. Barbier, Esq., for the petitioner. Charles Speed Gray, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency in petitioner's income tax for the fiscal year ended August 31, 1944, in the amount of $8,336.74. The only issue is the correctness of the respondent's computation of the net operating loss deduction. Findings of Fact All of the facts have been stipulated and are found accordingly. The petitioner is a Michigan corporation and has its principal office at Ferndale, Michigan. It filed its income and excess profits tax returns for the fiscal year ended August 31, 1944, with the collector at Detroit. Petitioner has kept its books and filed its *244 income tax returns on the accrual basis. Petitioner's first corporation income and excess profits tax returns were filed for the taxable period ended August 31, 1943. Petitioner's excess profits tax return for the taxable period reported excess profits net income in the amount of $219,068.12 and an excess profits tax liability amounting to $169,749.12. Petitioner elected to defer payment of excess profits tax, pursuant to the provisions of section 710(a)(5) of the Internal Revenue Code, in the amount of $56,017.21. The balance of petitioner's reported excess profits tax liability, amounting to $113,731.91, was paid during the taxable year ended August 31, 1944. Petitioner's profits for the taxable period ended August 31, 1943, were renegotiated to the extent of $125,000, and petitioner's net income and excess profits net income was reduced accordingly to $94,068.12. Petitioner's income tax liability and excess profits tax liability computed on the amount of $94,068.12 was $4,311.70 and $69,955.65, respectively. Petitioner's liability for its renegotiation refund of $125,000 was offset, in part, by excess profits tax credits allowed under the provisions of *245 section 3806(b) of the Internal Revenue Code in the aggregate amount of $99,844.53. The amount of $56,017.21 representing that part of petitioner's reported excess profits tax liability for the taxable period ended August 31, 1943, which was deferred pursuant to the provisions of section 710(a)(5) of the Internal Revenue Code, was the subject of a notice of deficiency. This notice of deficiency was mailed to petitioner on May 18, 1948, and was the basis for the proceeding in this Court in the Estate of Julius I. Byrne, Deceased, et al., (1951) 16 T.C. 1234. The opinion in that proceeding is incorporated herein by reference. This Court ordered a Rule 50 computation of petitioner's tax liability. In the recomputation submitted by the parties for entry of the Court's decision petitioner's net income of $94,068.12 was reduced by a net operating loss deduction in the amount of $72,819.94, representing a carry-back to 1943 of the full amount of petitioner's net operating loss for 1945. Petitioner's net income after deduction of the carry-back was $21,248.18. The Rule 50 computation disclosed a deficiency in petitioner's income *246 tax for 1943 in the amount of $1,334.95. The Rule 50 computation further disclosed that petitioner had no excess profits tax liability for 1943. In the recomputation, petitioner's excess profits credit based on invested capital for the taxable year 1944 was computed on the basis of petitioner's surplus as of September 1, 1943, after subtracting therefrom petitioner's income tax and excess profits tax for the taxable period 1943 in the amounts of $4,311.70 and $69,955.65. respectively. In its decision entered on November 19, 1951, pursuant to the agreed computation submitted by the parties, the Court ordered and decided that there was a deficiency in income tax of $1,334.95 and an overpayment in excess profits tax of $13,887.38 for the taxable period 1943. Petitioner eventually received credit for the overpayment of excess profits tax in the amount of $13,887.38 as follows: Excessive postwar credit of excess
profits tax resulting from carry-
back of net operating loss for the
taxable year 1945
$10,291.03
Credit applied to additional assess-
ments of petitioner's income and
excess profits taxes for the tax-
able period 1942
3,596.35
Total
$13,887.38
Petitioner's *247 income tax return and excess profits tax return for the fiscal year ended August 31, 1944, showed tax liabilities of $6,473.91 and $198,295.61, respectively. Petitioner elected to defer payment of excess profits tax, pursuant to the provisions of section 710(a)(5) of the Internal Revenue Code, in the amount of $65,437.55. The balance of $132,858.06 was paid in the fiscal year ended August 31, 1945. Petitioner sustained net operating losses for the taxable years ended August 31, 1945, and August 31, 1946, in the amounts of $72,819.94 and $10,452.16, respectively. The respondent's notice of deficiency for the year ended August 31, 1944, reduced the reported net income of $260,590.15, as disclosed by the returns, by renegotiated profits of $35,000 and the 1946 net operating loss deduction of $10,452.16. Petitioner filed a refund claim on Form 843 on October 6, 1948, for refund of corporation income tax for 1944 in the amount of $6,473.91 by reason of the application of carry-backs of net operating loss and unused excess profits credits from the two succeeding fiscal years. The claim set forth that the application of the carry-backs referred to left petitioner *248 with no income subject to corporation income tax. This claim was timely under the provisions of section 322(b)(6) of the Internal Revenue Code but was disallowed in full by respondent. Opinion The issue is whether the excess profits tax accrued within the taxable year 1943 may be used to reduce the net income for such year in computing the net operating loss carry-back from the fiscal year 1945 to the fiscal year 1944 under the provisions of section 122(b) of the Internal Revenue Code. The excess profits tax accrued in the year 1943 was extinguished by reason of a net operating loss carry-back from 1945 to 1943. See Estate of Julius I. Byrne, Deceased, et al., supra. In Hunter Manufacturing Corporation, 21 T.C. 424 (December 31, 1953), the same issue was determined adversely to the taxpayers on authority of Lewyt Corporation, 18 T.C. 1245 (on appeal, C.A. 2). While we are aware of the contrary holding by the Court of Claims in Olympic Radio and Television, Inc. v. United States, 110 Fed. Supp. 600 (certiorari applied for), we think our holding in the Hunter case is correct and is controlling *249 here. Decision will be entered for the respondent.