The W. L. Maxson Corporation v. Commissioner.
W. L. Maxson Corp. v. Commissioner
Docket No. 32817.
United States Tax Court
T.C. Memo 1954-68; 1954 Tax Ct. Memo LEXIS 178; 13 T.C.M. (CCH) 549; T.C.M. (RIA) 53021; June 17, 1954, Filed Fred R. Tansill, Esq., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. RAUM
Supplemental Memorandum Opinion RAUM, Judge: On January 26, 1953, we entered a memorandum opinion in the above-entitled proceeding, disposing of the issues presented on the authority of the opinion in Lewyt Corporation, 18 T.C. 1245 (on appeal C.A. 2), and directing that decision would be entered under Rule 50. The parties submitted differing computations and a hearing was held on April 8, 1953. The dispute between the parties concerns the application of Section 122(b)(1) of the Internal Revenue Code. The same issue was present in *179 Lewyt Corporation, supra, but the mathematical amounts there involved rendered the dispute unimportant and, as it developed, the issue was not finally resolved in that case. Because the issue was novel and one of some importance, we deemed it necessary to request the parties to submit supplemental memoranda and to give the issue further consideration. Such memoranda have been filed. Thereafter, the identical issue was presented and decided in another case before this Court. Hunter Manufacturing Corporation, 21 T.C. 424 (December 31, 1953). The issue was decided adversely to the contentions of the petitioner therein and similarly adversely to the position of the instant petitioner. The petitioner herein has submitted an additional memorandum urging us not to follow the decision in the Hunter case. However, the decision in the Hunter case was entered in accordance with findings and opinion which were reviewed by the Court and adopted without dissent. In the circumstances, we do not feel justified in reaching a different result. Cf. Wheeler Insulated Wire Co., 22 T.C. 380, where, although the precise issue now before us was not present, it was *180 stated that the Court is not disposed to reconsider the Lewyt and Hunter decisions. Decision will be entered for the respondent.