**STRATFORD ENGINEERING CORPORATION**

v.

**UNITED STATES.**

No. 13–54.

United States Court of Claims.

March 5, 1958.

Allen H. Gardner, Washington, D. C., for plaintiff. Morris, Pearce, Gardner & Pratt, Washington, D. C., were on the briefs.

Elizabeth B. Davis, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland, Washington, D. C., was on the brief.

WHITAKER, Judge.

This case is before us on plaintiff's and defendant's motions for summary judgment.

Plaintiff has always made its returns and paid its taxes on a cash basis. In computing its net operating loss for 1944, which it seeks to carry back to the years 1942 and 1943, it seeks to deduct the excess profits tax for 1943, which it paid in 1944.

The taxpayer in Olympic Radio & Television, Inc., v. United States, 108 F. Supp. 109, 124 C. Cl. 33, was on an accrual basis. It sought to deduct the excess profits tax it had paid in the taxable year, although it had accrued in a previous year. We permitted it to do so, but the Supreme Court reversed us, 349 U.S. 232, 75 S.Ct. 23, 99 L.Ed. 637. It held that an accrual basis taxpayer could deduct only the taxes that had accrued

in the taxable year. It said that a taxpayer is required to adhere to its system of accounting and that if its accounting is done on the accrual basis, it cannot deduct taxes paid, but not accrued, in a taxable year.

It follows that a taxpayer on a cash basis may deduct excess profits taxes paid in the taxable year, although they accrued in a prior year.

Taxpayer paid in the year 1944 $1,219,671.55 on account of excess profits taxes for 1943. In subsequent years its liability for excess profits taxes for 1943 was reduced, as the result of taxpayer's appeal to the Tax Court from a determination made in renegotiation proceedings. This, however, does not affect the amount it is entitled to deduct in 1944, as the Supreme Court held in Lewyt Corp. v. Commissioner, 349 U.S. 237, 75 S.Ct. 736, 99 L.Ed. 1029.

Plaintiff's motion for summary judgment is granted, and defendant's motion is denied. Plaintiff is entitled to recover, together with interest as provided by law, and judgment will be entered to that effect. The amount of the judgment will be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.