**Josephine FOX and Andrew Severyns, Co-Executrix and Executor of the Estate of Hugh Govan, deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 3044.**

United States District Court
W. D. Washington, S. D.

Aug. 5, 1965.

Brodie, Fristoe & Taylor and E. Robert Fristoe, Olympia, Wash., for plaintiffs.

William N. Goodwin, Jr., and Charles W. Billinghurst, Tacoma, Wash., and Bruce A. Koppe, Washington, D. C., for defendant.

BOLDT, District Judge.

By this action plaintiffs seek refund of federal estate taxes and assessed interest. The question for decision is whether the court has jurisdiction over the subject matter; specifically determination of the date of payment of the tax in question from which computation of the applicable statute of limitation commences.

 The pertinent facts are brief. On May 28, 1957, plaintiffs filed an estate tax return for the estate of Mr. Hugh Govan and paid the tax liability shown thereon. Upon being subsequently advised by the government's tax auditor that an additional assessment of $7,259.31 would be made, plaintiffs forwarded to the district director a check in such amount. Because formal assessment had not been made, the amount of plaintiffs' check, which was received April 24, 1959, was recorded by the government in a control or suspense account. On May 29, 1959 the government formally assessed a deficiency of $6,939.31 and applied the amount in the control or suspense account against the assessed deficiency and interest thereon.

Plaintiffs' present claim for refund was filed May 25, 1961 and is timely only if filed within two years of the date on which the tax was paid. 26 U.S.C. 6511 (a). The government contends payment was made April 24, 1959, the date plaintiffs' check was received. Plaintiffs contend payment was made May 29, 1959, the date of formal assessment.

Until formal assessment had been made, no definite tax obligation existed for which plaintiffs' remittance could have been considered payment. Accordingly, the government recorded the remittance as a deposit and not as payment for a determined tax obligation. Under such circumstances, plaintiffs' remittance was a voluntary deposit submitted with the expectation that the government's formal assessment would equal the sum informally indicated by the tax auditor. Even if the government's suggestion that plaintiffs' remittance was a "good faith" discharge of tax liability be assumed, the fact remains that the government did not accept the remittance as payment nor indicate that the sum accepted was for a determined deficiency. The remittance, therefore, did not

constitute payment for limitation purposes.

■ According to the holding of the United States Supreme Court in Rosenman v. United States, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945), whatever is deemed payment for limitation purposes must be deemed payment for determining government liability to pay interest on a subsequently determined excess. If the government's suggested test for determining the date of payment was applied in actions for recovery of such interest, liability for payment thereof would encompass situations where taxpayers in good faith remit sums in response to the government's preliminary tax deficiency estimates. No case has been cited which has favorably granted or indicated the granting of recovery under such circumstances. In my opinion, the government would not be liable were the facts of this case the basis for an action for recovery of interest from April 24, 1959.

The court finds and holds that under the facts of this case the date of payment for the purpose of determining the period of limitation within which plaintiffs could file a timely claim for refund is the date on which the deficiency was assessed and the money applied in satisfaction of such assessment.[1]

Plaintiffs' claim for refund is timely and the court has jurisdiction over the subject matter.

1. Accord, Rosenman v. United States, supra; Schmidt v. C.I.R., 272 F.2d 423 (9th Cir. 1959), citing Thomas v. Mercantile Nat. Bank, 204 F.2d 943 (5th Cir. 1953); Roles v. Earle, 195 F.2d 346 (9th Cir. 1952); First Security Bank v. United States, 213 F.Supp. 362 (D.C.Mont.1963). See also 10 Mertens, Law of Federal Income Taxation § 58.-24.