## CHESTNUT SECURITIES CO. v. UNITED STATES.

### No. 46235.

Court of Claims.

Oct. 1, 1945.

This case having been heard by the Court of Claims, the court, upon the evidence and an agreed statement of facts, makes the following special findings of fact: .

1. The plaintiff is a corporation incorporated under the laws of the State of Delaware on or about December 2, 1931, with its principal office and place of business at Wilmington, Del., and with places of business and offices at Dallas, Tex., and Tulsa, Okl.

2. On February 28, 1941, plaintiff filed its federal corporation income, declared value excess-profits, and defense tax return for the calendar year 1940 with the Collector of Internal Revenue for the District of Delaware and paid the tax shown thereon to be due. This return was made upon the so-called "accrual" method of reporting income. It reported total income of $104,746.80, total deductions therefrom of $40,791.25, a net income of $63,955.55 and a total tax thereon of $1,320.83. Included among the claimed deductions and as interest in line 20 was the sum of $800.-39 and as taxes on line 21 the sum of $8,-452.48. In schedules attached to the return the interest item of $800.39 was shown as interest paid to the Oklahoma State Tax Commission and the item of taxes aggregating $8,452.48 was shown to include $5,590.98 paid as Oklahoma state income tax.

3. After an examination of plaintiff's books and records and the return mentioned above, a Revenue Agent in a report dated March 25, 1942, recommended an additional tax or deficiency upon that return of $1,141.72 resulting from proposed adjustments as follows:

Adjustments to Net Income

| | |
|---|---:|
| Net income as disclosed by return .......................... | $63,955.55 |
| As corrected ................ | 71,109.32 |
| Net adjustment as computed below .................... | 7,153.77 |

Unallowable deductions and additional income:

| | | |
|---|---|---:|
| (a) | Depletion .... | $1,012.36 |
| (b) | Oklahoma Income Tax .. | 5,564.03 |
| (c) | Interest ...... | 577.38 |

Net adjustment as above...... $ 7,153.77

A copy of the Revenue Agent's report was transmitted to plaintiff on April 22, 1942, by the Revenue Agent in charge at Dallas Texas.

On May 29, 1942,, a so-called 90-day letter was addressed to the plaintiff by the Commissioner of Internal Revenue which proposed a deficiency of income tax in the amount of $1,141.72 upon plaintiff's return for the calendar year 1940. This sum, together with deficiency interest of $88.92, aggregating $1,230.64, was timely assessed and thereafter paid as follows: $926.80 was paid in cash on June 11, 1942; $214.92 was paid by statutory credit on November 28, 1942; and $88.92 was paid in cash on February 11, 1943.

4. On December 27, 1943, plaintiff filed a formal claim for refund with the Collector of Internal Revenue for the District of Delaware in the amount of $1,013.33, stat-

ing therein that the $5,564.03 Oklahoma income tax and the $577.38 interest thereon paid to the Oklahoma State Tax Commission during the year 1940 were proper deductions in computing taxable net income for the calendar year 1940. The facts relating to the Oklahoma tax were as follows:

Plaintiff was licensed as a foreign corporation to do business in the State of Oklahoma during the years herein involved. Its chief source of income was from interest and dividends upon corporate securities, together with income from joint operations of oil properties. The books and records of plaintiff are kept upon the accrual basis and its return for income tax purposes has been made accordingly.

On March 5, 1935, the Supreme Court of the State of Oklahoma in the case of Chestnut Securities Commission v. Oklahoma Tax Commission, 173 Okl. 369, 48 P.2d 817, involving a franchise tax of plaintiff, rendered a decision holding that certain intangible personal property belonging to plaintiff did not have a "business situs" in the State of Oklahoma and that the intangibles were therefore not subject to the tax under the laws of Oklahoma, since the property was held outside the State and was not used nor employed in business transacted by the corporation within that State. Plaintiff in making its return for income tax purposes to the State of Oklahoma for the years 1936, 1937, and 1938 did not include as income the income received by virtue of ownership of that intangible personal property. In view of the Oklahoma court decision, plaintiff did not think it was required to include that income in its return. No effort was made by the State of Oklahoma to tax the income from these properties prior to 1940.

On or about May 8, 1940, the Oklahoma Tax Commission, through its agent, proposed the following additional assessments of income taxes against plaintiff by reason of the omission from income of the income derived from personal property held outside the State:

| Year | Additional Tax |
|------|----------------|
| 1936 | $1,949.86 |
| 1937 | 1,541.95 |
| 1938 | 2,083.38 |
| | $5,575.19 |

These deficiencies were protested by plaintiff and on or about July 1, 1940, a hearing was had before the Oklahoma Tax Commission, which resulted in a decision by the Commission holding that the deficiencies in tax were due to the State of Oklahoma and, on or about August 24, 1940, plaintiff paid to the State the deficiencies with interest thereon, and at the same time, gave notice as required by statute of its intention to sue for their recovery. Pursuant to the laws of the State of Oklahoma, the tax paid was held in a separate fund by the State of Oklahoma, pending the outcome of the suit.

On or about September 19, 1940, a suit for recovery of the taxes was instituted in the United States District Court for the Western District of Oklahoma, the case being styled Chestnut Securities Company, a corporation, Plaintiff v. Oklahoma Tax Commission, Defendant, and assigned Number 571 Civil. A trial was had and judgment was entered for the defendant Commission in the year 1940, from which plaintiff, in March 1941, took an appeal to the United States Circuit Court of Appeals for the 10th Circuit. On or about January 16, 1942, the Circuit Court of Appeals affirmed the judgment of the District court, the opinion being reported in 125 F.2d 571. The Supreme Court of the United States denied certiorari on April 13, 1942, 316 U.S. 668, 62 S.Ct. 1035, 86 L.Ed. 1744. The basis for the decision by the Circuit Court was that the intangible personal property which was almost identical with that involved in the first case above mentioned, decided by the Supreme Court of Oklahoma, had a "business situs" within the State of Oklahoma for the purpose of income taxation.

5. No part of the sum of $1,013.33 claimed for refund by plaintiff from the defendant, as shown in finding 4, has been refunded or repaid to the plaintiff.

Maxwell M. Mahany, of Tulsa, Okl., for plaintiff.

John A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

MADDEN, Judge.

The plaintiff, a Delaware corporation, reported and paid its federal income tax on

the accrual basis. In the year 1940 it paid to the State of Oklahoma $5,575.19, with interest thereon, for state income taxes for the years 1936, 1937, and 1938, on the income of certain intangible personal property. The reason the plaintiff had not paid those taxes to the state in the years 1936, 1937, and 1938 was that it thought, because of a decision of the Supreme Court of Oklahoma, that the intangible personal property referred to did not have a taxable situs in Oklahoma and that therefore neither it nor its income could be taxed by that state.

In 1940, however, the state proposed to assess the tax for the years 1936, 1937, and 1938. The plaintiff protested, a hearing was had before the State Tax Commission which held that the tax was owed, and the plaintiff paid the tax, with interest, giving statutory notice of its intention to sue to get it back. Under the Oklahoma law the state held taxes so paid in a separate fund until the litigation was decided. The plaintiff sued in the United States District Court and lost, in the year 1940. The Circuit Court of Appeals affirmed and the Supreme Court of the United States denied certiorari in 1942.

In 1941 when the plaintiff filed its federal income tax return for the year 1940, it took deductions for taxes paid and interest paid to the State of Oklahoma in 1940 as recited above. The Commissioner of Internal Revenue disallowed the deductions and required the plaintiff to pay its taxes without the benefit of the deductions, which the plaintiff did, and filed a timely claim for refund. It sues here to recover $1,013.33, the amount which the disallowance of the deductions added to its income tax for 1940.

■ The Government concedes that under Section 23 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23, the plaintiff would have been entitled to the deductions claimed, if it had been making its returns on a cash basis. But the Government urges, since the plaintiff's accounts were kept and its tax returns made on the accrual basis, it could not take its deduction for the taxes and interest paid to the State of Oklahoma until the year 1942, when its suit for their return was finally decided adversely to it.

■ We think the Government is wrong. One is not entitled to accrue a debt or other liability which is asserted against him but which he disputes and litigates, until the litigation is concluded. But if a liability is asserted against him and he pays it, though under protest, and though he promptly begins litigation to get the money back, the status of the liability is that it has been discharged by payment. It is hardly conceivable that a liability asserted against him, which he has discharged by payment, has not yet "accrued" within the meaning of the tax laws and the terminology of accounting. Accrual, from the debtor's standpoint, precedes payment, and does not survive it.

The Government cites Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 64 S.Ct. 596, 598, 88 L.Ed. 725. In that case the taxpayer in 1935 obtained an injunction against the collection of the tax, the court requiring as a condition of the granting of the injunction that the taxpayer pay the amount of the tax into a depository designated by the court. The taxpayer, on its income tax return for 1935 took deductions of the amounts paid into the depository, as taxes accrued in that year. The Supreme Court held that they had not accrued, within the meaning of the tax statutes. The court said "Since it denied liability for, and failed to pay, the tax during the taxable year 1935, it was not in a position in its tax accounting to treat the Government's claim as an accrued liability." In the instant case the taxpayer denied liability, but paid. We think it thereby "accrued" the taxes and interest, if accrual is requisite at all, in the case of the debtor, when actual payment has occurred.

The plaintiff is entitled to recover $1,013.33 with interest as provided by law.

It is so ordered.

JONES, Judge, took no part in the decision of this case.