## HOLMES PROJECTOR CO. v. UNITED STATES.

No. 50149.

United States Court of Claims.

July 15, 1952.

---

6. 1 Fletcher Cyc. Corporations, 138, Sec. 41.

George F. von Kolnitz, Jr., Charleston, S. C., Harold E. Marks, Chicago, Ill., on the brief, for plaintiff.

Joseph H. Sheppard, Washington, D. C., Ellis N. Slack, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

As shown in the findings, the plaintiff's income for 1945 was derived from contracts with the United States. These contracts provided that the prices specified therein should be paid to plaintiff by the defendant as such contracts were performed, but each contract contained a provision, pursuant to the Renegotiation Act of 1943, 50 U.S.C.A.Appendix, § 1191, that after performance such prices would be subject to renegotiation for the purpose of eliminating therefrom such profits as were found upon renegotiation to be excessive. The full face amount payable under such contracts, before renegotiation, were paid by the United States in 1945, the contracts having been completed in that year. The plaintiff employed the accrual method of accounting and accrued on its book during 1945 the face amounts payable under such contracts. It filed a tax return for 1945, as shown in finding 3, and on the basis of the income received from such contracts, before renegotiation, paid income, declared value excess profits and corporation excess profits taxes of $248,854.70. The contract prices were renegotiated in 1946, and it was determined as of December 23, 1946, that plaintiff had received during 1945 excessive profits of $200,000. Thereafter the Commissioner of Internal Revenue made certain adjustments in plaintiff's income for 1945, as a result of the renegotiation proceedings above referred to, and, as shown in finding 4, the net income, corporation excess profits taxes and interest paid by plaintiff for 1945 were $120,614.82. Included in such adjustments was a credit, required by Section 3806 of the Internal Revenue Code, 26 U.S.C.A. § 3806, of $153,811.72.

Plaintiff filed a claim for refund of the total tax of $248,854.70 paid for 1945, and in this proceeding seeks to recover that amount with interest, on the ground that because of the renegotiation provisions in its contracts the profits here in question constituted taxable income to the plaintiff for the year 1946, during which its right thereto, for the first time, became fixed.

In support of this claim the plaintiff contends (1) that under the accrual method of accounting there should be no accrual of an item of income unless all of the events have occurred, within the taxable year, which fix the correct amount due the taxpayer, and give to the taxpayer an unqualified and enforceable right to collect the same;

and (2) that the liability for income taxes is purely statutory, and the determination of the period and amount of taxable income is governed by the applicable provisions of the Internal Revenue Code, which provisions do not contemplate the accrual of an item of income that is in suspense, in the way that plaintiff's income was in suspense by reason of the renegotiation provisions in its contracts, from which its income here in question was derived.

■■ We are of the opinion that plaintiff's contentions cannot be sustained, and that the Commissioner of Internal Revenue properly and legally adjusted plaintiff's income under the accrual method of accounting and the taxing statutes in force at the time, and taxed such income for 1945 at the rates in effect for that year. Taxes are imposed on an annual basis. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 363, 365, 51 S.Ct. 150, 75 L.Ed. 383. Under this principle all income and deductions attributable to a particular year must be accounted for in that year, and this is true whether the taxpayer employs the accrual or cash receipts and disbursements method of accounting. Plaintiff cites a number of decisions of the courts in which are found statements that it is the right to receive and not the actual receipt, of an amount which determines its accruability; that items of income must be accrued as income when the events occur to fix the amount due and determine liability to pay; that a taxpayer is under no obligation to pay a tax on income he might never receive; that income taxes are concerned with realized gains; that when the amount to be received depends upon a contingency or future events, it is not to be accrued until such contingency or the events have

occurred and fixed with reasonable certainty the facts and the amount of income. We deem it unnecessary to cite and discuss these cases. These are statements of general principles and are, of course, applicable in those cases where the peculiar facts involved justify their application, but we think they are not controlling here. We think the principles and the accounting rules underlying the accrual method of accounting are broad enough to sustain the action of the Commissioner of Internal Revenue in this case. Compare, Continental Tie & Lumber Co. v. United States, 52 F.2d 1045, 72 Ct.Cl. 595, affirmed 286 U.S. 290, 295, 52 S.Ct. 529, 76 L.Ed. 1111; Chestnut Securities Co. v. United States, 62 F.Supp. 574, 104 Ct.Cl. 489, 495; Hershey Creamery Co. v. United States, 101 F.Supp. 877, 122 Ct.Cl. ——; Harrold v. Commissioner, 4 Cir., 192 F.2d 1002. Under that method of accounting he consistently treated as income, under contracts subject to renegotiation, amounts paid or payable in accordance with the terms of the contracts in the year or years in which such contracts were performed and prior to the year of renegotiation, subject, however, to adjustment by proper credits for such year in the event excessive profits were determined in a later year. I.T. 3577, 1942–2 Cum.Bull. 163. The enactment of Section 3806 of the Internal Revenue Code, 26 U.S.C.1946 Ed. 3806(a)(1) [1] was substantially a codification of the prior rulings of the Commissioner. It is obvious that Congress intended when it enacted Section 3806, supra, that the full amount of earnings payable or paid under the terms of Government contracts should be regarded as income in the year in which such amounts were earned by performance and were payable or paid, in accordance with

1. *"Excessive profits eliminated for prior taxable year.* In the case of a contract with the United States or any agency thereof, or any subcontract thereunder, which is made by the taxpayer, if a renegotiation is made in respect to such contract or subcontract and an amount of excessive profits received or accrued under such contract or subcontract for a taxable year (hereinafter referred to as "prior taxable year") is eliminated and, in a taxable year ending after

December 31, 1941, the taxpayer is required to pay or repay to the United States or any agency thereof the amount of excessive profits eliminated or the amount of excessive profits eliminated is applied as an offset against other amounts due the taxpayer, the part of the contract or subcontract price which was received or was accrued for the prior taxable year shall be reduced by the amount of excessive profits eliminated. * * *"

the accrual or cash basis method of accounting. This is made clear by the provisions of 3806(a)(3), which states that *"Deduction disallowed.* The amount of the payment, repayment, or offset described in paragraph (1) or paragraph (2) shall not constitute a deduction for the year in which paid or incurred."

■ We think there can be no question as to the authority of Congress to tax the full amount of earnings from contracts subject to renegotiation as income for the year in which such amounts were paid or payable under the terms of such contracts, subject to proper adjustments for such year in the event of renegotiation and the reduction in a subsequent year of the total receipts or profits. Plaintiff's expenses of operations in the performance of its contracts were incurred and were clearly accruable items in 1945. We find no basis under the Federal system of taxation and the accrual system of accounting for computing the gross and net income from the contracts for 1945, and postponing the taxation of the net income until 1946, because of the renegotiation provision whereby the parties stipulated for a further consideration, after performance, of the reasonableness of the profits derived on the basis of the original contract prices. Burnet v. Sanford & Brooks Co., supra; 3806 Internal Revenue Code, supra.

The plaintiff suggests that the adjustments in its taxable income for 1945, as required by Section 3806(a)(1), supra, would not clearly reflect income and that its case comes within the exception contained in 3806(a)(4).[2] No such contention was made before the Commissioner of Internal Revenue, and there is no evidence in the record that the accrual method of accounting used by plaintiff did not clearly reflect its income for 1945. In our opinion the accrual method of accounting employed by plaintiff applied in accordance with the requirements of Section 3806(a)(1), clearly reflected plaintiff's income for 1945.

The plaintiff is not entitled to recover and its petition is dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.

---

2. "The foregoing provisions of this subsection shall not apply in respect of any contract if the taxpayer shows to the satisfaction of the Commissioner that a different method of accounting for the amount of the payment, repayment, or disallowance clearly reflects income, and in such case the payment, repayment, or disallowance shall be accounted for with respect to the taxable year provided for under such method, which for the purposes of subsection (b) and (c) shall be considered a prior taxable year."