JUNIOR TOY CORP.

v.

UNITED STATES.

PEERLESS TOOL & ENGINEER-ING CO.

v.

UNITED STATES.

PENN ELECTRIC SWITCH CO.

v.

UNITED STATES.

UNITED STATES MOTORS CORP.

v.

UNITED STATES.

BADGER METER MFG. CO.

v.

UNITED STATES.

JOSTEN ENGINEERING CO.

v.

UNITED STATES.

AMERICAN GAS MACHINE CO.

v.

UNITED STATES.

OTIS ELEVATOR CO.

v.

UNITED STATES.

BRAD FOOTE GEAR WORKS, Inc.

v.

UNITED STATES.

Nos. 50421, 50480-50485, 3-52, 222-52.

United States Court of Claims.

Dec. 1, 1953.

George F. Von Kolnitz, Jr., Chicago, Ill., for the plaintiffs.

Joseph H. Sheppard, Washington, D. C., with whom was H. Brian Holland, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

LITTLETON, Judge.

The plaintiffs, all corporations, had war contracts with the United States, and each of the contracts with which these cases are concerned were subject to renegotiation under the applicable Acts of Congress, whereby the profits to which plaintiffs would be entitled upon completion would be finally determined, and appropriate income tax adjustments made in the year or years of performance, Section 3806, Internal Revenue Code, 26 U.S.C.A. § 3806, in the year of renegotiation, in the event it was determined that the contractor had received excessive profits under the contracts. Holmes Projector Company v. United States, 105 F.Supp. 690, 123 Ct.Cl. 278.

Plaintiffs employed the accrual method of accounting, and accrued upon their

books the amounts due under said war contracts in the year or years in which such amounts were payable or paid under such contracts before they were renegotiated. The plaintiffs make the same claim that was presented and decided in the case of the Holmes Projector Company v. United States, supra, namely, that no income subject to tax accrued in any year of performance of the contracts, which each contractor had with the Government, but that whatever profits or income the plaintiffs had under such contracts accrued and became first subject to tax in the year in which the renegotiation determination was made with respect to such contracts by the Department concerned.

The following tabulation shows the taxable year involved in which plaintiffs earned income under the war contracts before they were renegotiated; the amount of tax paid for such year; the date of renegotiation of the contracts, and the amount of tax claimed as a refund in claims for refund duly filed, which were rejected by the Commissioner of Internal Revenue:

| Case No. | Taxable year | Tax paid | Refund claimed | Renegotiation date |
|---|---|---|---|---|
| 50480 | 5–31–1945 | $766,042.49 | $521,159.22 | 8–13–1947 |
| 50481 | 12–31–1944 | 318,054.47 | 157,674.88 | 1–29–1946 |
| | 12–31–1945 | 227,862.79 | 85,744.32 | 5–12–1947 |
| 50482 | 12–31–1945 | 361,586.08 | 197,651.76 | 10– 7–1946 |
| 50483 | 12–31–1945 | 1,509,154.15 | 1,124,249.35 | 8– 7–1946 |
| 50484 | 4–30–1946 | 53,210.03 | 53,210.03 | 11–12–1946 |
| 50485 | 1–31–1946 | 299,355.14 | 299,355.14 | 8–16–1946 |
| 3–52 | 12–31–1942 | 3,290,922.00 | 3,290,992.00 | 3–29–1943 |
| | 12–31–1943 | 6,218,025.00 | 6,218,025.00 | 12–14–1944 |
| | 12–31–1944 | 8,504,510.00 | 8,504,510.00 | 8– 2–1945 |
| | 12–31–1945 | 8,558,138.00 | 8,558,138.00 | 6–18–1948 |
| 222–52 | 9–30–1944 | 570,515.20 | 570,515.20 | 1–11–1946 |
| | 9–30–1945 | 361,500.41 | 361,500.41 | 12– 9–1946 |
| 50421 | 1–31–1946 | 203,141.34 | 203,141.34 | 4– 9–1947 |

In view of the fact that the issue involved in each of these cases is identical with the issue presented, argued, and decided in the case of Holmes Projector Company v. United States, supra, we hold and decide that none of the plaintiffs in the present group of cases is entitled to recover, and on the authority of the Holmes Projector case, in which petition for certiorari was denied January 5, 1953, 344 U.S. 912, 73 S.Ct. 334, the petitions in these cases must, under the case cited, be dismissed. The defendant's motions are granted and the petitions are dismissed.

It is so ordered.

JONES, C. J., and MADDEN and WHITAKER, JJ., concur.