NATIONAL BEVERAGE LABORATORIES, Inc.

v.

UNITED STATES.

No. 50490.

United States Court of Claims.
Dec. 1, 1953.

George F. Von Kolnitz, Jr., Chicago, Ill., for plaintiff.

Joseph H. Sheppard, Washington, D. C., H. Brian Holland, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

Plaintiff is an Illinois corporation with principal office and place of business in Chicago. The petition alleges in substance that—

Shortly prior to February 15, of each of the years 1944, 1945 and 1946, plaintiff filed its income and excess profits tax returns for its respective fiscal years ending November 30, 1943, November 30, 1944, and November 30, 1945, and duly paid the amount of taxes shown on said returns as follows:

| Year | Taxes | Amount |
|---|---|---|
| 1943 | Income and Declared Value Excess Profits | $ 1,969.38 |
| | Excess Profits | 109,723.73 |
| 1944 | Income and Declared Value Excess Profits | 3,961.16 |
| | Excess Profits | 86,374.97 |
| 1945 | Income and Declared Value Excess Profits | 4,580.91 |
| | Excess Profits | 8,879.36 |
| | Total | 215,489.51 |

The plaintiff kept its books of account and made its income and excess profits tax returns upon the basis of accrual accountancy.

The business of the plaintiff, at all times here pertinent, consisted solely of the manufacture and sale of a flavoring extract known as "Hopose," produced by a secret formula, and used as a substitute for hops in the manufacture of beer.

June 10, 1943, during the plaintiff's fiscal year November 30, 1943, the plaintiff was notified by the Office of Price Administration of the Government that the price charged by plaintiff for its product "Hopose" since January 1943, namely, $3.00 per pound, was in violation of the O. P. A. General Maximum Price Regulation, and on June 24, 1943, the Office of Price Administration further notified plaintiff that the matter would be turned over to their Enforcement Division of O. P. A. for further action.

March 31, 1944, the defendant instituted a suit against the plaintiff in the District Court of the United States, Northern District of Illinois, Eastern Division, entitled Chester Bowles, Administrator, etc. v. National Beverage Laboratories, Inc., Civil Action No. 44–C–395, wherein the Government sought to recover from the plaintiff under the Emergency Price Control Act of 1942, three times the amount of the alleged over-ceiling prices charged by plaintiff for its "Hopose" between March 31, 1943, and March 31, 1944, and thereafter, during the pendency of such suit, the Government sought to amend its complaint by increasing the amount of the alleged over-ceiling charges to include therein all sales made by plaintiff during its fiscal years 1943, 1944, and 1945.

February 7, 1946, the District Court entered a judgment in favor of the plaintiff herein. Thereafter, the Government appealed from said judgment to the U. S. Circuit Court of Appeals for the Seventh Circuit, and the suit was finally disposed of in favor of this plaintiff by the Court of Appeals on December 9, 1948.

Notwithstanding the aforesaid notices to plaintiff from the Office of Price Administration and the institution and pendency of said suit, the plaintiff continued to sell its product at the same price as before and accrued upon its books and reported in its tax returns for its fiscal years ending November 30, 1943, 1944 and 1945, the total amounts of its said alleged illegal sales—three times the amount of which, $293,112, the Government was seeking to recover from plaintiff—and computed and paid the taxes, aforesaid, upon such income accruals.

The plaintiff asserts and claims that by reason of the facts hereinabove set forth it should not have accrued such sales as taxable income nor paid tax thereon, prior to the year 1948, in which year the suit by the defendant herein was finally decided by the Court of Appeals in favor of this plaintiff.

During the year 1947, and prior to the expiration of the applicable statute of limitation, the plaintiff filed claims for refunds of the taxes paid, based upon the facts herein set forth, and said claims were disallowed by the Commissioner of Internal Revenue in 1951.

■ Upon the foregoing statement of facts alleged, in substance, in plaintiff's petition we think it is clear from the decided cases that plaintiff has not stated a cause of action against the United States, upon which plaintiff is entitled to recover the taxes paid upon its returns for its fiscal years ending November 30, 1943, 1944 and 1945. Plaintiff kept its books on the accrual basis, and the income was properly accrued and reported. Spring City Foundry Co. v. Commissioner, 292 U.S. 182, 54 S.Ct. 644, 78 L.Ed. 1200; Holmes Projector Co. v. United States, 105 F. Supp. 690, 123 Ct.Cl. 278. The right to receive the sums in question upon which the taxes were computed arose immediately upon the consumption of the sales, and insofar as plaintiff's customers were concerned there was no dispute as to plaintiff's right to the proceeds of the sales. Plaintiff at all times, claimed and insisted, notwithstanding

the suit brought against it by the United States under the Emergency Price Control Act of 1942, that the income was legal, belonged to it and that it had the right to retain the prices charged and continue to charge such prices. It accrued such income each year upon its books of account, reported them in its income tax returns, and in the litigation instituted by the Government, the plaintiff was successful and its contentions were sustained. It is only in those cases where the liability for the amounts accrued is contested that the accrual thereof for tax purposes may be deferred until that question is finally determined. Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538; Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; Harrold v. Commissioner, 4 Cir., 192 F.2d 1002; Continental Tie & Lumber Co. v. United States, 286 U.S. 290, 52 S.Ct. 529, 76 L. Ed. 1111; United States v. Anderson, 269 U.S. 422, 442, 46 S.Ct. 131, 70 L. Ed. 347. The liability was contested in Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270.

■ In this case the plaintiff received and accrued the income in question under a clear and positive claim of right and notwithstanding the suit brought by the United States, entitled Bowles, Administrator, etc. v. National Beverage Laboratories, Inc., in the U. S. District Court for the Northern District of Illinois, Eastern Division, for three times the amount of the alleged over-ceiling prices being charged its customers by plaintiff for said product known as "Hopose," the plaintiff was successful in its contentions that the amounts and prices charged for its product were legal and proper. In these circumstances the plaintiff cannot recover the taxes paid on the income in question for the years involved, on the ground that such amounts were not income properly accruable until December 9, 1948, when the U. S. Circuit Court of Appeals for the Seventh Circuit affirmed the decision of the District Court in favor of plaintiff. North American

Oil Company v. Burnet, supra; United States v. Lewis, 340 U.S. 590, 592, 71 S. Ct. 522, 95 L.Ed. 560. Plaintiff's claim of right to the income in question was right and proper under the facts of this case.

The plaintiff is therefore not entitled to recover on the facts alleged in its petition, and the defendant's motion to dismiss is allowed, and the petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.