**EWIN**

v.

**DONNELLY, United States Collector of Internal Revenue.**

**EWIN'S ESTATE**

v.

**DONNELLY, United States Collector of Internal Revenue.**

**DOULLUT'S ESTATE**

v.

**DONNELLY, United States Collector of Internal Revenue.**
Civ. Nos. 3036–3038.

United States District Court
E. D. Louisiana, New Orleans Division.
June 14, 1954.

**380**

Chaffe, McCall, Toler & Phillips, Leon Sarpy, New Orleans, La., for plaintiffs.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, John W. Fisher, Sp. Assts. to the Atty. Gen., George R. Blue, U. S. Atty., New Orleans, La., for defendant.

WRIGHT, District Judge.

The complainants have paid under protest an income tax deficiency claimed by the Collector of Internal Revenue at New Orleans to be due for the year 1943 and bring these actions to recover the payments with interest. All three actions arise out of the affairs of the partnership of Doullut & Ewin, composed of the late James P. Ewin and the late Paul Doullut. Mrs. Lucille S. Ewin appears as widow in community of her late husband. The estate of James P. Ewin appears as to the community interest of Mr. Ewin. Paul Doullut was a widower, and his various heirs have instituted the proceeding in behalf of his estate.

The partnership of Doullut & Ewin kept its books on an accrual basis. During the year 1943 the partnership had as paid employees one Lester C. Smith and one H. L. Cornelius. The employment was under written contract, Paragraph 4 of which provides that before Smith and Cornelius are paid their full bonuses of 12.19 and 5.62 percent respectively of the net profits of the partnership, a reserve fund of $75,000 in undivided net partnership profits will be set up and maintained to cover contingent losses of the partnership under the renegotiation laws.[1]

In accordance with Paragraph 4 of the contract, the amount of $75,000 was set aside in a reserve account on the partnership's books as a reserve for contingent losses. Smith and Cornelius were paid by the partnership the sums of $9,-142.50 and $4,215, respectively, as portions of the full percentage bonuses to which they were entitled for the partnership fiscal year ended January 31, 1943, which sums of $9,142.50 and $4,215 were returned by them to the partnership and held as their participation in the $75,-000 reserve fund to await the outcome by the application of the renegotiation laws. After renegotiation in 1946 of the 1943 partnership profits, the partnership repaid to Smith and Cornelius the sums of $4,266.50 and $1,967, or 12.19 percent and 5.62 percent, respectively, of that portion of the $75,000 reserve not required for renegotiation purposes.

Complainants contend that the amounts of $9,142.50 and $4,215 paid to, and returned by, Smith and Cornelius for the year 1943 should be allowed to accrue as a definite and fixed liability under Section 43[2] of the Internal Revenue Code, and deducted as an ordinary and necessary expense under Section 23(a)[3] in computng the distributable net income of the partnership for the fiscal year ended January 31, 1943. The Collector, on the other hand, contends that the partnership liability for the bonuses was contingent during the fiscal year in question and hence the amount involved, $13,357.50, was not a proper accrual for that year.

Section 23 of the Internal Revenue Code provides that in computing net income there shall be allowed as deductions all ordinary and necessary expenses paid

---

1. 50 U.S.C.A. War Appendix, § 1191.

2. 26 U.S.C.1946 ed. § 43.

3. 26 U.S.C.1946 ed. § 23.

or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. Section 43 provides that deductions shall be taken for the taxable year in which the expenses relating thereto were "paid or accrued", unless in order to clearly reflect the income, the deduction should be taken as of a different period. The question presented is whether the payment to Smith and Cornelius of the $13,357.50 accrued in 1943, as shown on the books of partnership, or, in order to clearly reflect the partnership income, the deductions for these payments should be taken as of a different period.

The Collector relies on various cases [4] in his effort to show that these payments were contingent as of 1943 and, therefore, not properly accruable in that year. In none of these cases, however, are the facts similar to the facts in the case at bar. Here the partnership has set up a reserve fund, $13,357.50 of which was contributed by Smith and Cornelius. No part of that $13,357.50 could inure to the benefit of the partnership. Actually, and in fact, it belonged to Smith and Cornelius, subject of course, to renegotiation. As of the end of 1943 the partnership had no claim whatever to the $13,357.50. Although the exact proportion was not fixed as of that day, the entire amount would be paid to the Navy in renegotiation, to Smith and Cornelius, or both. As of the end of 1943, there can be no question but that this amount of $13,357.50 was fixed and determined as a liability of the partnership. It was proper then for the partnership to deduct it from its gross profits in preparing its return for 1943.

No definite legal test is provided by statute for determining whether an expense is deductible in a particular year. If, as a practical matter, and considering the accounting basis on which the taxpayer is operating, it clearly appears the taxpayer suffered an expense during a particular year, then that expense is deductible during that year. Boehm v. Commissioner, 326 U.S. 287, 66 S.Ct. 120, 90 L.Ed. 78. The partnership books here were kept on the accrual basis under which income earned during a particular period is charged with the expenses incurred in and properly attributable to the process of earning that income during that period. The method used by the partnership in handling this difficult transaction on its books was completely realistic and in accord with sound scientific accounting principles. It clearly reflected the net income of the partnership for the period in question.

In United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347, the taxpayer was confronted with a similar situation. There he was required to pay a munitions tax on the profits on munitions manufactured and sold by him during the year 1916, the tax to be determined and paid in 1917. The taxpayer kept his books on the accrual basis and, in order to provide for the payment of the tax in 1917, set up a reserve account during the year 1916 covering the anticipated amount of the munitions tax. The taxpayer then, however, sought to take the tax as a deduction in 1917, the year it was paid, rather than in 1916, the year in which the profit on the munitions was made. The Supreme Court held that since the taxpayer was keeping his books on the accrual basis, he had properly set up a reserve account in 1916 to cover the tax on munitions profits earned during that year. It further held, however, that since the tax accrued in the year the profits were made and not in the year the tax was paid, the deduction for 1917 as claimed by the taxpayer was disallowed. The obvious similarity between the Anderson case and the case at bar needs no further development.

---

4. White v. United States, 305 U.S. 281, 59 S.Ct. 179, 83 L.Ed. 172; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Junior Toy Corp. v. United States, 116 F.Supp. 730, 126 Ct.Cl. 681; Holmes Projector Co. v. United States, 105 F.Supp. 690, 123 Ct. Cl. 278.

382

Even if it be assumed, as contended by the Collector, that the payment of $13,357.50 to Smith and Cornelius was a contingent partnership liability as of the fiscal year 1943, the dollars and cents result would be almost, if not quite, the same as when the payment is treated as a deduction for 1943. Earnings from contracts subject to renegotiation are taxable to an accrual basis taxpayer in the year the earnings are payable under the contracts, subject, however, to proper tax adjustment in that year for renegotiation and reduction of profits. 26 U.S.C.1946 ed. § 3806; Holmes Projector Co. v. United States, 105 F. Supp. 690, 123 Ct.Cl. 278, certiorari denied 344 U.S. 912, 73 S.Ct. 334, 97 L.Ed. 703; Junior Toy Corp. v. United States, supra. In order to ascertain the proper adjustment for a particular tax period, it is necessary to compute the tax on the income, including excessive profits, and then recompute the tax after excluding the excessive profits. The difference is the tax credit. Standard Roofing & Material Co. v. United States, 10 Cir., 199 F.2d 607.

If the partnership here had reported and paid a tax on the $13,357.50 allocated to Smith and Cornelius in 1943, on renegotiation it would receive a tax credit in the amount of the tax paid in 1943 on that part of the $13,357.50 reclaimed by the government as excessive profit. Since the Collector now concedes that the $4,266.50 and $1,967.00 eventually returned to Smith and Cornelius in 1946 as that portion of the $13,357.50 not required for renegotiation purposes is deductible in 1943, the net monetary result of the taxpayers' approach to this problem, as well as the Collector's, on recomputation should be about the same.

In any event, this court holds that the $13,357.50 paid to, and returned by, Smith and Cornelius is a proper partnership deduction for the fiscal year 1943. The tax liabilities involved here will be recomputed in accordance with this opinion.